UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YEHUDY JESUS HERNANDEZ SERRANO,

             Petitioner,

    v.

WARDEN OF THE GOLDEN STATE ANNEX,

             Respondent.

No.  1:26-cv-00817-DAD-DMC-HC

ORDER

Petitioner, an immigration detainee proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 together with a motion to appoint counsel.

The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.[1]  Plaintiff asserts he was arrested at his work on December 17, 2025, based "off [Petitioner's] personal appearance without a warrant." ECF No. 1, pg. 5. Petitioner contends that officers searched his vehicle and "accused me of possessing drugs and guns, but they never found anything." Id. Petitioner asserts that he was originally sent to a detention center in Davie, Florida, and was then transferred to Alligator

---

[1]  Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

1

Alcatraz on December 20, 2025, where he was detained until January 9, 2026. See id. at 5-6. According to Petitioner, while at Alligator Alcatraz, he was kept "in a cage with 32 detainees, only allowed to shower twice a week, and limited communication with [Petitioner's] family, every time [Petitioner] have [sic] to see the Doctor or Counselor, they treat me like an animal putting me in shackles." Id. at 6. Then, Plaintiff was transferred to Golden State Annex, where he remains. See id. Petitioner asserts that his "family is suffering right now, because I was the only support for [Petitioner's] family." Id.

According to Petitioner, he arrived in the United States three years ago and since then he has "never got in trouble, I always worked honestly." ECF No. 1, pg. 6. Petitioner states that "with this letter, I want to apologize for my illegal entry to this wonderful country that offered my family and myself a better quality of life and the most important thing of living in a safe and free country. I'm afraid of coming back to my native country (Venezuela). Your honor, I ask for a second chance to stay in this country so I can take care of my loved ones, because if I get deported, it would be a devastating situation for my family." Id.

Based on Petitioner's detention, transfer, and the facts provided, the court hereby authorizes Petitioner to proceed in forma pauperis without prepayment of the filing fee in this action.  See 28 U.S.C. § 1914.

In light of the complexity of the legal issues involved, the court has determined that the interests of justice require the appointment of counsel for Petitioner and Petitioner's motion for appointment of counsel will be granted.  See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Because Petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, Respondent will be directed to show cause why the writ should not be granted by filing an answer/return within 21 days from the date of this order.  See 28 U.S.C. § 2243.  Petitioner may file a reply/traverse to the answer/return within 14 days after being served a copy of it.

///

///

2

In accordance with the above, IT IS HEREBY ORDERED that:

1.     Petitioner is authorized to proceed in forma pauperis without prepayment of the filing fee in this action.

2.     Petitioner's motion to appoint counsel, ECF No. 2, is GRANTED and The Federal Defender is appointed to represent Petitioner.

3.     The Clerk of the Court shall serve a copy of this order, along with a copy of the § 2241 petition, on the Federal Defender, Attention: Habeas Appointment.

4.     Within seven (7) days of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to the undersigned's courtroom deputy Jodi Palmer at jpalmer@caed.uscourts.gov, and counsel will be added as counsel for Petitioner.  If counsel is not a member of the Eastern District of California Criminal Justice Act Panel, within seven days of this Order the Federal Defender shall file a motion to appoint counsel as CJA counsel *pro hac vice*.

5.     Additionally, the Clerk of the Court shall serve a copy of this order together with a copy of Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United States Attorney.

6.     Respondent is directed to file a response within 21 days. Respondent shall include with the response any and all transcripts or other documents relevant to the determination of the issues presented in the habeas application.

7.     Petitioner's reply, if any, is due on or before 14 days from the date Respondent's response is filed.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3

8.      In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, Respondent shall not transfer Petitioner outside of this judicial district, pending further order of the court.  See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . . ."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

Dated:  February 12, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4