UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YEHUDY JESUS HERNANDEZ SERRANO,
A-246-809-290,

          Petitioner,

    v.

WARDEN OF THE GOLDEN STATE ANNEX,

          Respondent.

No.  1:26-cv-00817-DAD-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee proceeding with appointed counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents filed a motion to dismiss, ECF No. 13, and Petitioner filed a reply, ECF No. 14.

## I. BACKGROUND

According to Petitioner, he is a citizen of Venezuela with a pending application for asylum, has lived in the United States for three years, and has no criminal history. See ECF No. 1, pg. 6. Petitioner asserts that he was arrested and detained by Immigration and Customs Enforcement (ICE) agents on December 17, 2025. See id. at 5. According to Petitioner, he was arrested without a warrant "just because of [Petitioner's] personal appearance." Id. Petitioner

1

contends he was arrested as he arrived at work and the officers were "looking for somebody else but unfortunately they got all the immigrants that were there." Id. Petitioner contends the officers "accused [Petitioner] of possessing drugs and guns," and though the officers did not find anything when they searched Petitioner's car, Petitioner was placed in immigration detention. Id. Petitioner asserts he was then transferred to different facilities prior to arriving at Golden State Annex. See id. at 5-6. Petitioner argues his detention violates his due process rights because he was detained absent procedural protections such as an individualized bond hearing. See id. at 6-7.

Respondents argue that the petition should be dismissed because Petitioner "does not challenge the legal basis for his confinement," Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and therefore not entitled to a bond hearing. See ECF No. 13, pg. 1. Respondents acknowledge "the court has not made an affirmative endorsement of the Government's interpretation of Section 1225 and that this court has rejected similar arguments in cases involving other aliens detained under § 1225(b)(1)." Id. at 2, n. 2.

Following appointment of counsel, Petitioner filed a reply opposing Respondents' motion to dismiss. See ECF No. 14. Petitioner argues the petition does challenge the legality of his confinement because Petitioner alleges "his arrest was 'inadequate.'" Id. at 2 (quoting ECF No. 1, pg. 5). Petitioner contends that Respondents "do[] not address [Petitioner's] claims but side-steps them." Id.

## II. DISCUSSION

The undersigned finds Petitioner, who has been living in the United States for three years, is subject to § 1226(a) and Respondents violated Petitioner's rights when he was arrested absent a warrant issued by the Attorney General and by denying Petitioner a bond hearing. Thus, the undersigned will recommend the motion to dismiss be denied, the petition be granted, and Respondents be ordered to immediately release Petitioner.

Under the INA, 8 U.S.C. § 1226(a) ("§ 1226(a)") "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). Under § 1226(a), the

Government has broad discretion whether to release or detain the individual. Id. Further, § 1226(a) provides several layers of review for an initial custody determination. Id. It also confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Id. at 1202. Conversely, 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)") mandates detention during removal proceedings for applicants "seeking admission" and does not provide for a bond hearing.

This Court, and many others, have repeatedly found that § 1225(b) applies only to noncitizens "seeking admission" — a category that does not include noncitizens like Petitioner who were detained within the United States. See Morales-Flores v. Lyons, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position); Zapata v. Kaiser, 801 F. Supp. 3d 919, 2025 WL 2741654, at *10 (N.D. Cal. 2025) (citing Salcedo Aceros, 2025 U.S. Dist. LEXIS 179594, 2025 WL 2637503, at *8) (collecting cases). Thus, courts have determined that section 1226 rather than section 1225 is the appropriate section to apply in cases in which a noncitizen is already living in the United States. Cruz v. Noem, No. 1:26-cv-01818-DC-EFB (HC), 2026 U.S. Dist. LEXIS 71893, *8-9 (E.D. Cal. April 1, 2026) (collecting cases).

Respondents cite the recent decision by the Fifth Circuit Court of Appeals in support of their argument that Petitioner is subject to § 1225(b). See ECF No. 13, pg. 1. However, other Circuit Courts have held differently, and the Ninth Circuit has yet to address the issue. The Seventh Circuit Court of Appeals concluded that DHS is "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)." Castañon-Nava v. U.S. Dep't of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025). Similarly, the Second Circuit held that "Section 1225(b)(2) therefore applies only to (1) noncitizens who are present and have not been admitted, and (2) are requesting (3) lawful entry into the United States after inspection and authorization" and therefore, a noncitizen who "is not requesting lawful entry into the United States" is subject to Section 1226, given the use of the term "an alien," which has a

3

broader application. Da Cunha v. Freden, 2026 LX 255042, at *18 and*48-49 (2d Cir. Apr. 28, 2026). Further, the Sixth Circuit found that "'§ 1225(a) applies to aliens already present in the United States,'" given the text of the statute, canon against surplusage, and "the government's previously unbroken 29-year streak of applying § 1226(a) as opposed to § 1225(b)(2)(A) to noncitizens" who have lived within the United States for years. Lopez-Campos v. Raycraft, 2026 LX 250200, at *31-31 and *15 (6th Cir. May 11, 2026) (quoting Jennings v. Rodriguez, 583 U.S. 281, 303 (2018))

Following and adopting the reasoning of other courts, the undersigned finds Petitioner is not actively "seeking admission" because he has been living in the United States for years. See Castañon-Nava, 161 F.4th at 1060-62; Da Cunha, 2026 LX 255042, at *18 and*48-49; Lopez-Campos, , 2026 LX 250200, at *31-31 and *15; Salcedo Aceros, 2025 WL 2637503, at *8 (collecting cases concluding that § 1225 applies only to noncitizens "seeking admission," a category that does not include noncitizens like Petitioner, living in the interior of the country.). Such determination is further supported by the fact that there is no evidence in the record that an immigration officer made the requisite determinations for § 1225(b)(2)(A) to apply – that Petitioner is seeking admission and not clearly and beyond a doubt entitled to be admitted. Thus, given Petitioner is not "seeking admission," he therefore is not subject to mandatory detention under § 1225(b) and is instead subject to § 1226(a) which entitles Petitioner to the process that statute requires, including a bond hearing at a minimum. Respondents have not provided any hearing to Petitioner either pre- or post-detention.

Further, there is no evidence that Petitioner was arrested "[o]n a warrant issued by the Attorney General," as required by § 1226 (a). Accordingly, Respondents violated the process prescribed by the Immigration and Nationality Act (INA) when detaining Petitioner and improperly subjecting him to mandatory detention without a hearing, and Petitioner is therefore entitled to habeas relief. The assigned District Judge has previously ordered release of a petitioner detained pursuant to § 1226(a) absent a warrant, as Petitioner was here. See Mayen v. Warden, California City Detention Ctr., No. 1:26-CV-02354-DAD-AC, 2026 WL 1158217, at *2 (E.D. Cal. Apr. 29, 2026) (ordering petitioner's immediate release as a remedy for failure to issue a

4

warrant prior to detaining petitioner, rejecting respondents' argument that a bond hearing was the proper remedy); see also J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) (ordering the petitioner's immediate release after determining petitioner could not be detained pursuant to § 1225(b) and had not been properly detained pursuant to § 1226(a)).

Accordingly, the undersigned will recommend that the motion to dismiss be denied, the petition be granted, Petitioner be released immediately, and Respondents be permanently enjoined and restrained from re-detaining petitioner under 8 U.S.C. § 1226(a), unless petitioner is provided with a bond hearing pursuant to 8 C.F.R. § 1236.1(c)(8).

## III. CONCLUSION

Based on the foregoing, the undersigned recommends:

1. It is RECOMMENDED that Respondents' motion to dismiss, ECF No. 13, be DENIED;

2. It is RECOMMENDED that the petition for writ of habeas corpus, ECF No. 1, be GRANTED;

3. It is RECOMMENDED that Respondents be ORDERED to immediately release Petitioner with appropriate conditions of supervision with all Petitioner's documents and possessions;

4. It is RECOMMENDED that Respondents be ORDERED to file a notice of compliance within three (3) days of the District Judge's order;

5. It is RECOMMENDED that Respondents be PERMANENTLY ENJOINED and RESTRAINED from re-detaining petitioner under 8 U.S.C. § 1226(a), unless petitioner is provided with a bond hearing pursuant to 8 C.F.R. § 1236.1(c)(8).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in

written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 29, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE